## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DEBORAH HAYMAN, G.A. Gomes, S. Brown, and L. Kasomo; individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MASTERCARD, INC.,<br><br>Defendant(s). | **CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND JURY DEMAND** |

Plaintiffs Deborah Hayman, G.A. Gomes, L. Kasomo, and S. Brown ("Plaintiffs"), on behalf of themselves and all other similarly-situated employees of Defendant Mastercard, Inc. ("Mastercard"), allege upon information and belief, as follows:

### NATURE OF THE CLAIM

1.      Plaintiffs bring this class action lawsuit alleging violations of the Federal Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("Federal EPA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); the New York Equal Pay Law, as amended, N.Y. Lab. L. § 194 ("NY EPL"); the New York State Human Rights Law, N.Y. Exec. L. §§ 290 *et seq.* ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq.* ("NYCHRL"), on behalf of themselves and all other similarly-situated female, Black, and/or Hispanic employees currently or formerly employed by Mastercard in Career Levels 4-10 (the "Covered Positions") in the United States.

2.      Mastercard is the second-largest payment processing company in the world. In 2023, the company generated over $25 billion in revenue.  It is headquartered in Purchase, New York and employs thousands of employees nationwide.

3.     Mastercard maintained uniform compensation, leveling, and promotion policies and practices that resulted in the disproportionate underpayment of female, Black, and Hispanic employees as compared to their similarly-situated male and white counterparts.

4.     These policies and practices across all Mastercard divisions, though facially neutral, have an adverse impact on female, Black, and Hispanic employees across the United States, who were paid less than their male and white comparators by Mastercard for the performance of the same or similar work.

## PARTIES

### Plaintiffs

#### *Deborah Hayman*

5.     Plaintiff Deborah Hayman ("Hayman") is a white woman who resides in California.

6.     Mastercard employed Plaintiff Hayman as an Analyst in its Consumer Marketing department in its San Francisco, California office from October 2019 until July 2021.

7.     Mastercard hired Plaintiff Hayman at Career Level 8, and she remained at that level through the duration of her employment.

#### *G.A. Gomes*

8.     Plaintiff G.A. Gomes ("Gomes") is a Black and Latina woman who resides in Florida.

9.     Mastercard employed Plaintiff Gomes as a Senior Analyst in its Purchase, New York office from May 2018 until November 2021.

10.     Mastercard hired Plaintiff Gomes at Career Level 7; by the time of her departure, Plaintiff Gomes had been promoted to Career Level 5.

*L. Kasomo*

11.     Plaintiff L. Kasomo ("Kasomo") is a Black woman who resides in Washington D.C.

12.     Mastercard employed Plaintiff Kasomo as a Business Development Manager in its Purchase, New York office from March 2022 to October 2024.

13.     Mastercard hired Plaintiff Kasomo at Career Level 6, and she remained at that level until her departure.

*S. Brown*

14.     Plaintiff S. Brown ("Brown") is a Black man who resides in New York.

15.     Mastercard employed Plaintiff Brown as an Associate Analyst and Analyst in its New York, New York office from June 2017 until November 2020.

16.     Mastercard hired Plaintiff Brown at Career Level 9. In early 2019, he was promoted to Career Level 8, and he remained at that level until his departure.

**Defendant Mastercard**

17.     Mastercard is a Delaware corporation with its global headquarters in Purchase, New York.

18.     On information and belief, Mastercard maintains centralized control, oversight, and direction over the operation of its facilities, including its employment practices.

19.     During the relevant period, Mastercard was Plaintiffs' employer within the meaning of all applicable statutes.

**JURISDICTION AND VENUE**

20.     This Court has subject matter jurisdiction over the Title VII and Federal Equal Pay Act claims pursuant to 28 U.S.C. § 1331 and Sections 206(d) and 216(b) of the Fair Labor

Standards Act, 29 U.S.C. §§ 206(d), 216(b), and of all claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which some members of the class are citizens of states different from Mastercard's state of citizenship and the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

21.     This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

22.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because Mastercard does business in New York and in this District, and because some of the class members reside in this District.

## COMMON FACTUAL ALLEGATIONS

23.     Mastercard is a payment card services company offering a range of payment transaction processing.  Throughout the world, its principal business is to process payments between the banks of merchants and the card-issuing banks or credit unions of the purchasers who use the Mastercard-brand debit, credit and prepaid cards to make purchases.

*Mastercard's Job Architecture*

24.     Mastercard employs common compensation-setting that, upon information and belief, disproportionately results in lower compensation for Plaintiffs and other female, Black, and Hispanic employees relative to similarly-situated male and white employees.

25.     Mastercard maintains a uniform and highly structured job architecture and career level system that classifies employees by their level and the type of work that they do.

26.      At the top of the architecture is employees' job functions, which reflect broad

categories of work that can be logically grouped together based on similar characteristics and adjacent skills.

27.     Within each job function there are job families, which are groupings of jobs with similar characteristics.

28.     Within each job family is the job itself, which defines the requirements to perform the role.  Each job has a unique job title.

29.     Finally, within each job are Career Levels, which define the hierarchy of jobs within the organization.

30.     There are twelve Career Levels: Level 1 comprises the most senior positions and Level 12 comprises the most junior/entry-level positions.

31.     For levels senior to Career Level 7, the levels branch out into two paths: the "Individual Contributor Career Path," which contains consultant titles and maxes out at Level 4, and the "People Manager" career path – the managerial track that culminates in C-Suite and officer-level positions at Level 1.

32.     Mastercard does not include Career Levels in its external job postings.

33.     Mastercard uses the same Career Level structure ("leveling") across all business units and locations.

34.     Mastercard determines all employees' compensation using a salary structure that corresponds directly to job functions and Career Level.

35.     According to the structure, each level contains a salary range including a minimum, 1st third, midpoint, 2nd third, and maximum salary.

36.     Employees in roles at adjacent levels perform the same or substantially similar duties, regardless of Career Level.

37.    Upon information and belief, Female, Black, and Hispanic employees at Mastercard are systematically hired into roles at lower levels than men and/or white employees and are paid less for performing substantially equal or similar work.

38.    Mastercard regularly pays female, Black, and Hispanic employees less than white or male employees.  In 2023, Mastercard's median pay for Black and Hispanic employees relative to white employees in the U.S. was 94.3%.  In that same year, Mastercard's median pay for female relative to male employees globally was 96.4%.

39.    Inequity in compensation based on gender and/or race compounds over time because periodic compensation decisions, such as salary increases and promotions, are based on current job code.  Therefore, female, Black, and Hispanic employees are systematically disadvantaged by the common compensation structure.

_Mastercard's Failure to Monitor Its Leveling Processes and Outcomes_

40.    Upon information and belief, Mastercard failed to comprehensively evaluate and continuously validate all factors and rubrics relied upon to determine a candidate's Career Level, even as numerous new roles were added and companies were acquired.

41.    As a result, Mastercard's leveling process resulted in disparate outcomes for similarly qualified individuals hired to perform the same or substantially similar jobs.

42.    These leveling policies and practices, which are inconsistent and largely unmonitored, systematically disfavored female, Black, and Hispanic employees who were hired into lower Career Levels at hire than similarly or less qualified male and white employees.

43.    Upon information and belief, across divisions, female, Black, and Hispanic employees were hired into lower Career Levels than their comparators irrespective of professional experience, or education level.

44.     The impact of Mastercard's compensation policy was and continues to be experienced by Plaintiffs and putative class and collective members company-wide. The underpayment of female, Black, and Hispanic employees was the predictable result of Mastercard's company-wide policies and practices and the lack of proper accountability measures and protections to ensure fairness and equitable compensation for the same or substantially similar work.

45.     Upon information and belief, despite Mastercard's knowledge that these facially-neutral leveling and compensation policies and practices resulted in a disproportionate negative impact on the compensation of female, Black, and Hispanic employees compared to their male and white counterparts, Mastercard continued to employ these policies.

## COLLECTIVE ACTION VIOLATIONS

46.     Mastercard has violated the Federal EPA through the implementation of common compensation policies and practices that result in a gender pay disparity.

47.     Plaintiffs Hayman, Gomes, and Kasomo bring the First Claim for Relief for violation of the Federal EPA as a collective action pursuant to 29 U.S.C. §§ 216 et seq., and seek liability-phase injunctive and declaratory relief, monetary damages and other make-whole relief on behalf of a collective comprising all individuals who identify as women and who were employed by Mastercard in the Covered Positions in the United States during the relevant period (the "Collective," and the members thereof, the "Collective Members").

48.     Plaintiffs Hayman, Gomes, and Kasomo and other Collective Members are similarly situated in that they have been subjected to Mastercard's common compensation, leveling, evaluation, and promotion policies and practices nationwide.

49.     These policies and practices resulted in unequal pay based on gender.  By relying

on Career Level to compensate its employees, Mastercard failed to compensate members of the Collective at a level commensurate with male employees who perform substantially equal work and/or hold equivalent job roles, duties, levels, titles, or positions.

50.     Plaintiffs Hayman, Gomes, and Kasomo and the Collective have been paid less than their male colleagues in the same establishment for work requiring equal skill, effort, and responsibility and performed under similar working conditions.  This unequal pay is not justified by seniority, a merit system, a system that measures earnings by quality or quantity of production, or any factor other than sex.

51.     Questions of law and fact common to Plaintiffs Hayman, Gomes, and Kasomo and the Collective include, but are not limited to, the following:

a.  Whether members of the Collective were subjected to an unlawful common policy that resulted in unequal pay for equal work;

b.  Whether Mastercard unlawfully failed to compensate members of the Collective at a level commensurate with similarly-situated male comparators;

c.  Whether Mastercard's policy, practice, or procedure of failing to compensate members of the Collective at levels commensurate with their male comparators violates applicable provisions of the Federal EPA; and

d.  Whether Mastercard's failure to compensate members of the collective at a level commensurate with comparable male employees was willful within the meaning of the Federal EPA.

52.     The First Claim for Relief for violation of the Federal EPA may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), because the claims of Plaintiffs Hayman, Gomes, and Kasomo are similar to the claims of the Federal EPA Collective Members.

**CLASS ACTION VIOLATIONS**

53.     Plaintiffs bring this Class Action pursuant to Rule 23 of the Federal Rules of Civil

Procedure seeking monetary, injunctive, and declaratory relief on behalf of (1) all individuals who identify as women who were employed by Mastercard in Covered Positions in the United States from the following dates (based on the location at which they were employed by Mastercard): New York, from September 30, 2016; Virginia, from September 30, 2020; California, from September 30, 2018; Massachusetts, Washington, and Colorado, from September 30, 2019; and all other States, from December 4, 2019; and (2) all individuals who identify as Black (or African American) and/or Hispanic (or Latino/a) and who were employed by Mastercard in Covered Positions in the United States from the following dates (based on the location at which they were employed by Mastercard): New York, from October 8, 2019; California, from September 30, 2018; Colorado, from September 30, 2019; all other States, from December 4, 2019. All said persons, including Plaintiffs, are referred to herein as the Classes, and the members thereof as Class Members.

54.     Plaintiffs are members of the Classes they seek to represent.

55.     The members of each Class are so numerous that joinder of all members is impracticable.  The number of Class Members exceeds 7,500 and cannot be feasibly addressed through joinder.

56.     There are questions of law and fact common to each Class, and these questions predominate over any questions affecting only individual members.  Common questions include, among others:

      (a)     Whether Mastercard's policies or practices discriminate against Class Members;

      (b)     Whether Mastercard's compensation policies and practices violate Title VII, the NY EPL, and the NYCHRL;

      (c)     Whether Mastercard's leveling policies and practices violate Title VII, the NY EPL, and the NYCHRL; and

(d)    Whether equitable remedies, injunctive relief, compensatory damages, liquidated damages, and/or punitive damages for the Classes are warranted.

57.    Plaintiffs' claims are typical of the claims of the Classes they seek to represent.

58.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Classes.

59.    Plaintiffs have retained counsel competent and experienced in complex class actions, employment discrimination litigation, and the intersection thereof.

60.    Class certification is appropriate because Mastercard has acted and/or refused to act on grounds generally applicable to the Classes, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Classes they seek to represent.  The Class Members are entitled to injunctive relief to end Mastercard's common, uniform, unfair, and discriminatory policies and practices.

61.    Class certification is also appropriate because common questions of fact and law predominate over any questions affecting only individual members of the Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

62.    Plaintiffs and the Class Members have been damaged and are entitled to recovery as a result of Mastercard's common, uniform, unfair, and discriminatory policies and practices.

63.    Mastercard has computerized account data, payroll data, and personnel data that will make calculation of damages for specific Class Members relatively simple.  The propriety and amount of punitive damages, if any, are based on Mastercard's conduct, making these issues common to the Classes.

## INDIVIDUAL PLAINTIFFS' FACTUAL ALLEGATIONS

**Plaintiff Hayman**

64.    Plaintiff Hayman worked at a company that Mastercard acquired in 2019.

65.    Upon the acquisition, Mastercard provided Plaintiff Hayman with an offer letter stating that her job title would be Analyst, and assigned her to Career Level 8.

66.    After accepting the role, Mastercard required Plaintiff Hayman to perform significant work outside the Analyst scope, including taking on managerial work that should have been performed by individuals in the next level up.

67.    She quickly realized that her job title did not accurately reflect the job itself.

68.    In addition, Plaintiff Hayman was under-leveled, as her skills and experience were commensurate with Career Level 7, not Career Level 8.

69.    Upon information and belief, Mastercard's under-leveling caused and contributed to her underpayment relative to her male comparators who were performing substantially equal or similar work.

70.    Plaintiff Hayman left Mastercard in 2021 to pursue a role where she was compensated fairly.

**Plaintiff Gomes**

71.    Plaintiff Gomes began working at Mastercard as a contractor in May 2016.

72.    In May 2018, Plaintiff Gomes was hired as an employee with the title Senior Analyst.  Despite her two years of experience with the company as a contractor and significant industry experience, Mastercard did not hire Plaintiff Gomes into a more senior level or increase her compensation above what she was paid as a contractor when she was hired as an employee.

73.     In or around August 2019, after Plaintiff Gomes was promoted to Manager, Mastercard informed Plaintiff Gomes that it had conducted a compensation analysis and determined that she was being undercompensated.  Mastercard raised Plaintiff Gomes's salary by approximately $20,000.

74.     Shortly after Plaintiff Gomes's compensation was increased, she reviewed Mastercard's internal leveling guidelines and found that, upon information and belief, even after the pay adjustment, her salary was still less than the compensation of white male employees performing equal work.

75.     Plaintiff Gomes is not aware of anyone else in her department performing similar work, including a white male colleague, that received a compensation adjustment at this time, leading Plaintiff Gomes to believe she was underpaid relative to her peers.

76.     In or around February 2021, Plaintiff Gomes was promoted to Director.  When she reviewed the leveling guidelines, Plaintiff Gomes found she was at the lowest end of the compensation range for her level, despite her significant industry experience and tenure at Mastercard.

77.     Upon information and belief, Mastercard's under-leveling of Plaintiff Gomes at hire and undercompensating her has contributed to Plaintiff Gomes being paid less than male and white comparators.

**Plaintiff Kasomo**

78.     Plaintiff Kasomo worked at Mastercard as a Business Development Manager in March 2022, until her termination in October 2024.

79.     Based on her experience and education, Plaintiff Kasomo, who held a Masters in Business Administration degree (MBA), requested at hire that Mastercard assign her to a Career

Level 5 Director position. However, Mastercard under-leveled Plaintiff Kasomo into a Career Level 6 Manager position instead of a Career Level 5 Director position, which would have been commensurate with her experience.

80.    During this time period, Mastercard hired at least one white, male employee with comparable experience in a Career Level 5 Director role.

81.    Upon information and belief, Mastercard's under-leveling caused and contributed to Plaintiff Kasomo's underpayment relative to her white and male comparators who were performing substantially equal or similar work.

**Plaintiff Brown**

82.    Plaintiff Brown worked at Mastercard as an Associate Analyst and Analyst from June 2017 through November 2020.

83.    Mastercard failed to promote Plaintiff Brown despite his accomplishments, qualifications, and excellent reviews, and continued to under-level him in a Career Level 8 position, while promoting other less-qualified white Analysts to the Senior Analyst position at a Career Level 7.

84.    Plaintiff Brown left his position at Mastercard in 2020 largely because of the lack of opportunity for advancement and promotion based on his race.

85.    Upon information and belief, Mastercard's non-promotion and thus under-leveling caused and contributed to Plaintiff Brown's underpayment relative to his white comparators who were performing substantially equal or similar work.

**CAUSES OF ACTION**

**FIRST CLAIM FOR RELIEF**
**Pay Discrimination Based on Sex**
**(Federal Equal Pay Act, 29 U.S.C. §§ 206 et seq.)**
**(On Behalf of Plaintiffs Hayman, Gomes, Kasomo, and the Collective)**

86.    Plaintiffs incorporate by reference the preceding paragraphs as alleged above.

87.    This Claim for Relief is brought by Plaintiffs Hayman, Gomes, and Kasomo, on behalf of themselves and the Collective.

88.    Mastercard discriminated against Plaintiffs Hayman, Gomes, and Kasomo and the Collective in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 206 *et seq.*, as amended by the Equal Pay Act of 1963, by paying Plaintiffs Hayman, Gomes, and Kasomo and the Collective less than their male comparators who performed equal work requiring equal skill, effort, and responsibility, and which was performed under similar working conditions.

89.    The Federal EPA of the Fair Labor Standards Act makes it unlawful for an employer to discriminate between employees on the basis of sex by paying wages to employees at a rate less than the rate paid to employees of the opposite sex for equal work.

90.    Mastercard subjected Plaintiffs Hayman, Gomes, and Kasomo and the Collective to leveling and compensation policies that resulted in the underpayment of salary, bonuses, and equity awards to Plaintiffs and the Collective in violation of the Federal EPA.

91.    Mastercard caused and contributed to the underpayment of Plaintiffs Hayman, Gomes, and Kasomo and the Collective relative to their male comparators who were performing substantially equal work.

92.    As a result of Mastercard's conduct, Plaintiffs Hayman, Gomes, and Kasomo and the Collective suffered harm, including but not limited to lost earnings, lost benefits, other financial loss, and non-economic damages.

93.     The foregoing conduct, as alleged, constitutes a willful violation of the Federal EPA within the meaning of 29 U.S.C. § 255(a).

94.     Plaintiffs Hayman, Gomes, and Kasomo request relief as hereinafter described.

### SECOND CLAIM FOR RELIEF
**Disparate Treatment Discrimination**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.)**
**(On Behalf of Plaintiffs and the Classes)**

95.     Plaintiffs incorporate the preceding paragraphs as alleged above.

96.     This Claim is brought by Plaintiffs on behalf of themselves and the Classes they seek to represent.

97.     Upon information and belief, Mastercard has engaged in an intentional, company-wide, and systematic pattern or practice of discrimination against female, Black, and Hispanic employees.

98.     Upon information and belief, Mastercard has engaged in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against female, Black, and Hispanic employees by, among other things:

    (a) intentionally maintaining and utilizing a compensation system that perpetuates and increases discrimination against female, Black, and Hispanic employees;

    (b) implementing company-wide policies and practices that rely on Career Level to determine compensation, regardless of skill, ability, or qualification;

    (c) implementing company-wide policies and practices that are discriminatory and/or arbitrary;

    (d) permitting deviations to the compensation systems that unfairly favor male and white employees; and

    (e) failing and refusing to take reasonable and adequate steps to prevent and correct the use of illegitimate criteria to determine the terms and conditions of employment.

99.     Mastercard's discriminatory policies or practices described above have denied

female, Black, and Hispanic employees business opportunities and compensation, in the form of lost past and future wages and other job benefits, as compared to similarly-situated male and white employees.

100.    Upon information and belief, Mastercard has intentionally discriminated against Plaintiffs and the Classes through their discriminatory leveling practice, which directly affects compensation to qualified female, Black, and Hispanic employees.  The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by 42 U.S.C. §§ 2000e et seq.

101.    Plaintiffs request relief as hereinafter described.

### THIRD CLAIM FOR RELIEF
**Disparate Impact Discrimination**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.)**
**(On Behalf of All Plaintiffs and the Classes)**

102.    Plaintiffs incorporate the preceding paragraphs as alleged above.

103.    This Claim is brought by Plaintiffs on behalf of themselves and the Classes they seek to represent.

104.    Mastercard's reliance on illegitimate procedures and criteria to level and compensate female, Black, and Hispanic employees have an adverse impact on female, Black, and Hispanic employees in violation of Title VII and is not, and cannot be, justified by business necessity.  Even if such systems and/or policies could be justified by business necessity, less discriminatory alternatives exist that would equally serve any alleged necessity.

105.    Plaintiffs request relief as hereinafter described.

## FOURTH CLAIM FOR RELIEF
**Unlawful Pay Disparity**
**(New York Equal Pay Law, N.Y. Labor Law §§ 194 et seq.)**
**(On Behalf of Plaintiffs Gomes, Kasomo, and Brown and the Classes)**

106.    Plaintiffs Gomes, Kasomo, and Brown incorporate by reference the preceding paragraphs as alleged above.

107.    This Claim for Relief is brought on behalf of Plaintiffs Gomes, Kasomo, and Brown and the Classes.

108.    Pursuant to the NY EPL, N.Y. Labor Law §§ 194 et seq., it is unlawful for an employer to pay employees unequally on the basis of a protected class for substantially similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions.

109.    Mastercard caused and contributed to the underpayment of Plaintiffs Gomes, Kasomo, and Brown and the Classes relative to their male and/or white comparators for the performance of substantially similar work in violation of the NY EPL.

110.    Mastercard paid Plaintiffs Gomes, Kasomo, and Brown and the Classes less than they paid male and/or white comparators who were performing substantially similar work. As a result of this conduct, Plaintiffs Gomes, Kasomo, and Brown and members of the Classes have suffered harm, including, but not limited to, lost earnings, lost benefits, and other financial loss, as well as non-economic damages.

111.    Upon information and belief, Mastercard knowingly underpaid Plaintiffs Gomes, Kasomo, and Brown and the Classes, as alleged. This knowing underpayment constitutes a willful violation of N.Y. Labor Law § 194.

112.    Plaintiffs request relief as hereinafter described.

## FIFTH CLAIM FOR RELIEF
### Disparate Treatment
### (NYCHRL, New York City Administrative Code §§ 8-107 et seq.)
### (On Behalf of Plaintiff Brown and the Classes)

113.    Plaintiff Brown incorporates by reference the preceding paragraphs as alleged above.

114.    This Claim for Relief is brought by Plaintiff Brown on behalf of himself and the Classes.

115.    Upon information and belief, Mastercard has engaged in an intentional, company-wide, and systematic pattern or practice of discrimination against female, Black, and Hispanic employees.

116.    Upon information and belief, Mastercard has engaged in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against Plaintiff Brown and the Classes in violation of the NYCHRL by, among other things:

(a)  intentionally maintaining and utilizing a compensation system that perpetuates and increases discrimination against female, Black, and Hispanic employees;

(b)  implementing company-wide policies and practices that rely on Career Level to determine compensation, regardless of ability;

(c)  implementing company-wide policies and practices that are discriminatory and/or arbitrary;

(d)  permitting deviations to the compensation systems that unfairly favor male and white employees; and

(e)  failing and refusing to take reasonable and adequate steps to prevent and correct the use of illegitimate criteria to determine the terms and conditions of employment.

117.    Mastercard's discriminatory policies or practices described above have denied female, Black, and Hispanic employees business opportunities and compensation, in the form of lost past and future wages and other job benefits, as compared to similarly-situated male and white employees.

118.    Mastercard has set and/or maintained these discriminatory policies, patterns, and/or practices within the City of New York, and the discriminatory policies, patterns, and/or practices have had a discriminatory effect on women and female, Black, and Hispanic employees within the City of New York.

119.    As a direct result of Mastercard's discriminatory policies and/or practices as described above, Plaintiff Brown and the Classes have suffered damages including, but not limited to, lost earnings, lost benefits, and other financial loss, as well as non-economic damages.

120.    The foregoing conduct, as alleged, constitutes illegal, intentional discrimination prohibited by the Administrative Code of the City of New York § 8-107 et seq. 96.

121.    Plaintiffs request relief as hereinafter described.

<u>**SIXTH CLAIM FOR RELIEF**</u>
**Disparate Impact Discrimination**
**(NYCHRL, New York City Administrative Code §§ 8-107 et seq.)**
**(On Behalf of Plaintiff Brown and the Classes)**

122.    Plaintiff Brown incorporates by reference the preceding paragraphs as alleged above.

123.    This Claim for Relief is brought by Plaintiff Brown on behalf of himself and the Classes.

124.    Mastercard's reliance on illegitimate inputs, components, systems, and criteria to determine level at hire and set compensation has an adverse impact on members of the Classes in violation of the NYCHRL.

125.    Mastercard's conduct cannot be justified by any legitimate business necessity. Even if such systems and/or policies could be justified by business necessity, less discriminatory alternatives exist that would equally serve any alleged necessity.

126.    Mastercard's discriminatory policies, patterns, and/or practices have had a discriminatory impact on members of the Classes within the City of New York.

127.    As a direct result of Mastercard's discriminatory policies and/or practices as described above, Plaintiff Brown and the Classes have suffered damages including, but not limited to, lost earnings, lost benefits, and other financial loss, as well as non-economic damages.

128.    The foregoing policies, patterns, and/or practices have an unlawful disparate impact on female, Black, and Hispanic employees in violation of the Administrative Code of the City of New York §§ 8-107 et seq.

129.    Plaintiffs request relief as hereinafter described.

**SEVENTH CAUSE OF ACTION**
**Disparate Impact Discrimination**
**(NYSHRL, Executive Law §§ 296-301)**
**(On Behalf of Plaintiff Gomes, Kasomo, and Brown and the Classes)**

130.    Plaintiffs Gomes, Kasomo, and Brown incorporate by reference the preceding paragraphs as alleged above.

131.    This Claim is brought by Plaintiffs Gomes, Kasomo, and Brown on behalf of themselves and the Classes.

132.    Mastercard's reliance on illegitimate inputs, components, systems, and criteria to determine level at hire and set compensation have an adverse impact on members of the Classes in violation of the NYSHRL.

133.    Mastercard's conduct cannot be justified by any legitimate business necessity. Even if such systems and/or policies could be justified by business necessity, less discriminatory

alternatives exist that would equally serve any alleged necessity.

134.    Mastercard's discriminatory policies, patterns, and/or practices have had a discriminatory impact on members of the Classes within the State of New York.

135.    As a direct result of Mastercard's discriminatory policies and/or practices as described above, Plaintiffs Gomes, Kasomo, and Brown and the Classes have suffered damages including, but not limited to, lost earnings, lost benefits, and other financial loss, as well as non-economic damages.

136.    The foregoing policies, patterns, and/or practices have an unlawful disparate impact on female, Black, and Hispanic employees in violation of Executive Law §§ 296 et seq.

137.    Plaintiffs request relief as hereinafter described.

## ALLEGATIONS REGARDING RELIEF

138.    Plaintiffs and the Classes they seek to represent have no adequate or complete remedy at law to redress the wrongs alleged herein, and the injunctive relief they seek in this action is the only means of securing complete and adequate relief.

139.    Plaintiffs and the Classes they seek to represent have suffered and will continue to suffer irreparable injury from Mastercard's discriminatory acts and omissions.

140.    Mastercard's actions have caused and continue to cause Plaintiffs and Class Members substantial losses in earnings and other employment benefits.

141.    In addition, Plaintiffs Hayman, Gomes, and Kasomo maintain timely individual claims of gender discrimination and unequal pay against Mastercard under Title VII and the Federal EPA.

142.    Plaintiffs Gomes, Kasomo, and Brown maintains timely individual claims of gender and/or race discrimination and unequal pay under NYSHRL and/or the NYCHRL.

143.    Plaintiffs and Class Members have also suffered emotional distress, humiliation,

embarrassment, and anguish, all to their damage, in an amount according to proof.

144.    Upon information and belief, Mastercard did not act in good faith, and knowingly

performed the acts herein alleged with malice and/or reckless indifference.  Plaintiffs and Class

Members are thus entitled to recover punitive damages in an amount according to proof.

**PRAYER FOR RELIEF**

145.    WHEREFORE, Plaintiffs and the Classes pray for relief as follows:

(a)  Certification of the case as a class action brought on behalf of the proposed
     Classes;

(b)  Designation of Plaintiffs as respective representatives of the Classes;

(c)  Designation of Plaintiffs' counsel of record as Class Counsel;

(d)  Certification of this action as a collective action under the Federal EPA on
     behalf of Plaintiffs and the Collective; designation of Plaintiffs Hayman,
     Gomes, and Kasomo as the representatives of the Collective; prompt
     issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated
     members of the Collective, which (1) apprises them of the pendency of this
     action and permits them to assert timely Federal EPA claims in this action
     by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);
     and tolling of the statute of limitations on the claims of all members of the
     Collective from the date the original Complaint was filed until the
     Collective Members are provided with reasonable notice of the pendency of
     this action and a fair opportunity to exercise their right to opt in as
     Collective Action Plaintiffs;

(e)  Back pay (including interest and benefits) for Plaintiffs and Class Members;

(f)  All damages sustained as a result of Mastercard's conduct, including
     damages for emotional distress, humiliation, embarrassment, and anguish,
     according to proof;

(g)  Liquidated damages;

(h)  Exemplary and punitive damages in an amount commensurate with
     Mastercard's ability to pay and to deter future conduct;

(i)  Costs incurred herein, including reasonable attorneys' fees to the extent

allowable by law;

(j) Pre-judgment and post-judgment interest, as provided by law; and

(k) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all questions of fact raised in this Class and Collective Action Complaint.

Dated: January 14, 2025
      New York, New York

By:    */s/Cara E. Greene*
       Cara E. Greene
       Adam T. Klein
       Chauniqua D. Young
       Nantiya Ruan
       Shira Z. Gelfand
       Jennifer Davidson
       OUTTEN & GOLDEN LLP
       685 Third Ave., 25th Floor
       New York, NY 10017
       Telephone: (212) 245-1000