IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH HAYMAN, et al., individually and on behalf all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MASTERCARD, INC.,<br><br>Defendant. | Case No. 7:25-cv-00340 |

### [PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

Upon review and consideration of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, including the Parties' Joint Stipulation of Settlement and Release (the "Settlement Stipulation" or "Stipulation") and all Exhibits thereto, and having been fully advised in the premises, it is **HEREBY ORDERED, ADJUDGED** and **DECREED** as follows:

1. **Settlement**. Plaintiffs Deborah Hayman, G.A. Gomes, L. Kasomo, and S. Brown ("Plaintiffs"), on behalf of themselves and all others similarly situated, and Defendant Mastercard, Inc. (collectively, the "Settling Parties") have negotiated a settlement of this action (the "Action") to avoid the uncertainty, expense, and burden of further litigation, and to resolve any and all claims being released by the Settlement Stipulation.

2. **Review**. The Court has carefully reviewed the Settlement Stipulation in this matter. The terms and conditions in the Settlement Stipulation are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Stipulation.

3.     **Preliminary Approval**. The Settlement Stipulation entered into by and among the Settling Parties has been negotiated at arm's length and is approved on a preliminary basis as fair, reasonable, and adequate.

4.     **Class Definitions and Relief**. The proposed relief to the Class Members, as identified in Sections 5 and 15 of the Settlement Stipulation, is approved on a preliminary basis as fair, reasonable, and adequate. The Class comprises:

> **Gender Class Members:** all individuals who identify as women, who have not, prior to the date of this Order, signed a separation agreement that includes a release of the Gender Claims, and who were employed by Mastercard in a Qualified Position in the United States from the following dates (based on the location at which they were employed by Mastercard): New York, from September 30, 2016; Virginia, from September 30, 2020; California, from September 30, 2018; Massachusetts, Washington, and Colorado, from September 30, 2019; and all other States, from December 4, 2019, through January 13, 2025.
>
> **Race Class Members:** all individuals who identify as Black (or African American) and/or Hispanic (or Latino/a), who have not, prior to the date of this Order, signed a separation agreement that includes a release of the Race Claims, and who were employed by Mastercard in a Qualified Position in the United States from the following dates (based on the location at which they were employed by Mastercard): New York, from October 8, 2019; California, from September 30, 2018; Colorado, from September 30, 2019; all other States, from December 4, 2019, through January 13, 2025.

5.     **Preliminary Certification of Class**. The Court makes the following determinations as to certification of the Class for settlement purposes only:

(a) The Court preliminarily certifies the Class for purposes of settlement only, under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3);

(b) The Class Members are so numerous that joinder of all members is impracticable;

(c) There are questions of law or fact common to the members of the Class;

(d) The claims of Plaintiffs are typical of the claims of the other members of the

Class;

(e) Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Class, in connection with the Settlement Stipulation;

(f) Common questions of law and fact predominate over questions affecting only individual members of the Class;

(g) The Class is ascertainable; and

(h) Resolution of the claims in this Action by way of settlement is superior to other available methods for the fair and efficient resolution of the claims of the Class.

6.   **Designation of Class Representatives**. Plaintiffs are designated as representatives of the Class for the sole purpose of seeking a settlement of the Action.

7.   **Designation of Class Counsel.** Outten & Golden LLP is designated as Class Counsel.

8.   **Final Approval Hearing.** A hearing regarding final approval of the Settlement Stipulation ("Final Approval Hearing") will be held [ninety (90) days or more after the date of this Order] on ____ at ____ in _____, New York either telephonically, by video conference, or in person before the Honorable _____ on **May 14, 2025** at 11:00 a.m. in Courtroom 11B of the Daniel Patrick Moynihan Courthouse at 500 Pearl Street, New York, New York, before the Honorable Jessica G. L. Clarke. Such hearing may be reset to a later date than that in the Class Notice without requiring additional, subsequent notice to Class Members.

9.   **Class Notice.**

(a) The Court approves the Class Notice in the Settlement Stipulation, attached as Exhibit B to the Greene Declaration in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, to be distributed in the manner provided for in Section 11 of the Settlement Stipulation. The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Class

3

Members of the pendency of this Action, the terms of the Settlement Stipulation, and their right to object to the Settlement Stipulation or exclude themselves from the Class. In finalizing the Class Notice, the Parties may make non-substantive formatting changes, as necessary, without seeking further approval of the Court. The Court further finds that text messaging, e-mailing, and first-class mailing the Class Notice as set forth in the Settlement Stipulation is reasonable, and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and meets the requirements of due process.

(b) Defendant shall provide the Settlement Administrator a class list containing the following information for each Class Member, as set forth in Section 10 of the Settlement Stipulation: names, gender identity as reflected in Mastercard's records, racial identity as reflected in Mastercard's records, start and end dates of employment in a Qualified Position during the Settlement Class Period, current or last known mailing addresses, personal email addresses where known, and current or last known telephone numbers, including mobile phone numbers..

(c) The Class Notice shall be sent by text message, e-mail, and/or first-class U.S. mail to Class Members no more than thirty days (30) days after the entry of this Order, as set forth in Section 11.2 of the Settlement Stipulation.

10.    **Administrator**. The Court authorizes and directs the Parties to retain a Settlement Administrator to implement the terms of the Settlement Stipulation, and authorizes and directs such Administrator to: (i) send the Class Notice by mail, e-mail, and/or text message, as provided in Section 10 of the Settlement Stipulation; (ii) cause settlement checks to be mailed to Class Members and issue a reminder notice prior to the deadline to cash checks, as provided in Section 11.9 of the Settlement Stipulation; and (iii) carry out such other responsibilities necessary to administer the

Settlement in accordance with its terms and objectives and as stated in the Settlement Stipulation.

11. **Exclusion from the Class.** Any Class Member who wishes to be excluded from the Class must submit to the Settlement Administrator an exclusion as provided in Section 11.8 of the Settlement Stipulation requesting to opt out of the Settlement Stipulation.

(a) To be valid, an exclusion must be received (via mail, fax, or email) by the Settlement Administrator within the Notice Period. The Settlement Administrator shall stamp the date it received the written exclusion on the original document, and send to the Parties' Counsel copies of all exclusions within two (2) business days of their receipt, and Class Counsel shall file such exclusions with the Court at the time of filing of the Final Approval Motion.

(b) The exclusion must include the words "I opt out of the *Hayman et al. v. Mastercard, Inc.* class settlement" in order to be valid. The exclusion must also contain the name, address, telephone number, and signature of the Class Member to be valid. The Settlement Administrator shall retain the originals of all requests for exclusion, as well as all envelopes or facsimile cover sheets accompanying such requests, until such time as the Settlement Administrator is relieved of its duties and responsibilities under the Settlement Stipulation.

(c) Except for those Class Members who timely and properly file an exclusion, all other Class Members will be deemed to be Class Members for all purposes under the Stipulation, and upon the Effective Date (as defined in the Settlement Stipulation), will be bound by its terms, including, but not limited to, the Releases in Section 14 of the Settlement Stipulation.

(d) If the proposed Settlement Stipulation is finally approved, any Class Member who has not submitted a timely request for exclusion or to opt out from the Class shall be bound by all subsequent proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against Defendant or any of the Released Parties

relating to any of the Released Claims.

      12.      **Objections and Appearances.** Any Class Member who has not filed a timely exclusion and who complies with the requirements of this Paragraph may object to any aspect of the proposed Settlement either on his or her own or through an attorney hired at his or her expense. Any Class Member who wishes to object to the Settlement Stipulation must do so in writing by mailing, via first-class U.S. mail, faxing, or emailing to the Settlement Administrator a written statement of objection in accordance with the requirements set forth below and in Section 11.7 of the Settlement Stipulation.

      (a)      To be valid, an objection must be received (via mail, fax, or email) by the Settlement Administrator within the Notice Period. The Settlement Administrator shall stamp the date that it received the written objection on the original document, and send to the Parties' Counsel copies of all objections within two (2) business days of their receipt. Class Counsel shall file such objections with the Court at the time of filing the Final Approval Motion.

      (b)      The written objection must include words to the effect of, "I object to the class settlement in *Hayman, et al. v. Mastercard Inc.*" as well as all reasons for the objection. Any reasons not included in the written objection will not be considered by the Court. The written objection must also include the name, address, telephone number, and signature of the Class Member making the objection. The Settlement Administrator will retain the originals of all objections to the Settlement, as well as all envelopes or facsimile cover sheets accompanying the objection, until such time as the Settlement Administrator is relieved of its duties and responsibilities under the Settlement Stipulation.

      (c)      In the event a Class Member disputes an Individual Settlement Amount under this Settlement Stipulation or contests their membership in the Class, Mastercard will attempt

to confirm the information using its regularly maintained business records. If Mastercard seeks to dispute the information or claim provided or asserted by the Class Member, it shall submit records and/or information to the Settlement Administrator and the Settlement Administrator shall consider the information submitted by Mastercard and the Class Member before it makes a decision as to payment. In the event of a dispute between the information provided by Mastercard and the Class Member, Mastercard's records will control.

    (d)  Class Members objecting to the Settlement have no right to appear at the Final Approval Hearing, either in person or through counsel, unless the objector has stated their intention to do so in writing on the written objection when submitted to the Settlement Administrator. Objectors may withdraw objections at any time. The submission of an objection does not constitute the filing of a request for exclusion from the Settlement, and, therefore, objectors continue to be Class Members.

    (e)  Any Class Member who fails to object to the Settlement Stipulation in the manner described in the Settlement Stipulation, the Class Notice, and this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Stipulation at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement Stipulation by appeal or other means.

    (f)  Any Class Member who submits a timely written objection with a request to appear at the Final Approval Hearing may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable.

    13.  **Releases.** If the Settlement is finally approved and the Effective Date occurs, all Class Members who have not filed a timely and proper request for exclusion shall, upon the

Effective Date, release the Released Parties from all Released Claims, as described in Section 14 of the Settlement Stipulation.

14. **Attorneys' Fees and Expenses, and Service Awards.** Class Counsel shall file their motion requesting Attorneys' Fees and Expenses and a motion approving Service Awards no later than fourteen (14) days before the Final Approval Hearing.

15. **Preliminary Injunction**. All Class Members who do not timely exclude themselves from the Class are hereby preliminarily enjoined from (1) further litigation in the Action; (2) filing, or taking any action, directly or indirectly, to commence, prosecute, pursue, or participate, individually or on a class or collective action basis, in any action, claim, or proceeding against Mastercard in any forum in which any of the any of the Released Claims (as that term is defined in the Settlement Stipulation) are asserted, or which in any way would prevent the Released Claims from being extinguished; or (3) seeking, whether on a conditional basis or not, certification of a class or collective action involving any of the Released Claims .

16. **Service of Papers.** The final list of each party to file notices of appearance or written objections will be submitted by Plaintiffs, with redaction of any personal identifying information, along with the declaration of the Settlement Administrator attached to the Final Approval Motion. The Parties may file with the Court written responses to any filed objections no later than three (3) days before the Fairness Hearing.

17. **Termination of Settlement.** If the Court does not finally approve the Settlement, or the Effective Date does not occur for any reason, the Action will proceed as if no settlement had been attempted. In that event, any order entered by the Court in accordance with the terms of this Settlement Stipulation, including this Order, shall be treated as vacated, *nunc pro tunc*. Any class certified for purposes of settlement shall be decertified, and Mastercard shall retain all rights and

defenses, including the right to contest whether this Action should be maintained as a class or collective action and to contest the merits of the claims being asserted by the Plaintiffs in this action.

18. **Use of Order Following Termination of Settlement**. This Order shall be of no force and effect if the Effective Date does not occur for any reason and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability, or by or against Plaintiffs or the Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or arguments it may have.

19. **Jurisdiction**. The Court shall retain jurisdiction over the interpretation and implementation of the Settlement Stipulation as well as any and all matters arising out of, or related to, the interpretation or implementation of the Settlement Stipulation.

20. **Necessary Steps**. The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Stipulation.

SO ORDERED this __30__ day of __January__, 2025.

____Jessica Clarke____
Hon. Jessica G. L. Clarke, U.S. District Judge