UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Hayman, et al.,
Plaintiffs,

v.

Mastercard, Inc.,
Defendant.

Case No. 7:25-cv-00340

OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

To the Honorable Court:
I, Brenda Thomas, respectfully submit this formal objection to the proposed class action settlement in the above-referenced case pursuant to Federal Rule of Civil Procedure 23(e)(5).

I. Standing as a Class Member
I am a member of the class as defined in the settlement notice. I previously served as a class representative in this matter for over three years and was actively engaged in advancing the claims of the class, including providing key evidence, identifying witnesses, and collaborating in developing case strategy.

II. Grounds for Objection
1. Inadequate and Unfair Settlement
The class-wide damages in this matter were previously assessed at approximately $2.4 billion. The proposed gross settlement amount of $26 million represents a 1% recovery, which is grossly inadequate, unfair, and not in the best interest of the class.

2. Conflict of Interest and Coercion
I retained class counsel, Outten & Golden LLP, for my individual claims. Despite this, they simultaneously pursued both my individual and class claims during settlement negotiations, creating a clear conflict of interest. During the March 2024 mediation with Mastercard, I was pressured to settle both claims simultaneously. I refused. Counsel and the mediator responded with visible frustration and coercive tactics.

3. Breach of Confidentiality and Retaliation

There is credible evidence that class counsel breached confidentiality agreements related to my identity and that of a second-class representative who had previously requested confidentiality. The confidential party has since been informed by a reputable employment agency that she is on a "do not hire" list—despite having no disciplinary history. I am also facing employment blacklisting. These retaliatory consequences appear to stem directly from our refusal to support an inadequate settlement offer.

4. Disregard for Class Representative Interests

I devoted extensive time and resources to this litigation and worked collaboratively with counsel for years. Upon my refusal to endorse the low settlement, I was removed as class representative and informed that counsel would no longer represent me—then they placed a lien on my individual claims.

III. Requested Relief

For these reasons, I respectfully request that the Court:
- Deny final approval of the proposed settlement;
- Hold a fairness hearing to review the conduct of class counsel and whether the settlement meets the Rule 23 standards of fairness, adequacy, and reasonableness;
- Investigate potential breaches of fiduciary duty and confidentiality by class counsel; and
- Permit me to testify or present additional evidence at the final approval hearing.

IV. Contact Information
Brenda Thomas, MSHR, PMP
Btee1107@gmail.com
914-562-6005

Brenda Thomas
June 4, 2025