UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH HAYMAN et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MASTERCARD, INC.,<br><br>Defendant. | Case No. 7:25-cv-00340 |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT, APPROVAL OF SERVICE AWARDS, AND APPROVAL OF CLASS COUNSEL'S FEES AND COSTS**

Upon review and consideration of Plaintiffs' Unopposed Motion for Final Approval of Class and Collective Action Settlement and Plaintiffs' Unopposed Motion for Approval of Service Awards and Class Counsel's Fees and Costs, including the memoranda, declarations, exhibits, and other papers attached thereto ("Motions for Final Approval"), the Court grants final approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Stipulation") and "so orders" all of its terms incorporated herein. Accordingly, it is **HEREBY ORDERED, ADJUDGED** and **DECREED** as follows:

1. **Jurisdiction.** This Court has jurisdiction over the subject matter of the litigation and over all parties to this litigation, including all Participating Class Members.

2. **Settlement.** Plaintiffs Deborah Hayman, G.A. Gomes, L. Kasomo, and S. Brown, ("Plaintiffs'" or "Class Representatives"), on behalf of themselves and all Participating Class Members, and Mastercard, Inc. ("Defendant" or "Mastercard") (collectively, the "Parties"), have

negotiated a settlement of this action (the "Action") to avoid the uncertainties and burden of protracted litigation, and to resolve any and all claims being released by the Settlement Stipulation.

    **3.**    **Review**. The Court has carefully reviewed the Settlement Stipulation, as well as the files, records, and proceedings to date in this matter and has heard argument by the parties at the Fairness Hearing. The terms and conditions in the Settlement Stipulation are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Stipulation.

    **4.**    **Final Approval.** The Settlement Stipulation entered into by and among the Parties is procedurally and substantively fair, reasonable, and adequate, and is not the product of collusion. *See* Fed. R. Civ. P. 23(e); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462-63 (2d Cir. 1974). The relief is significant and meaningful, especially when weighed against the risks of ongoing litigation. Among other factors, the Court has considered the strengths and weaknesses of Plaintiffs' case versus the benefits of the Settlement; the monetary recovery; the method of distribution and the treatment of Class Members; the likely complexity, length, and expense of further litigation; the support of the Settlement among the Participating Class Members; the opinion of competent counsel; the arm's-length negotiations entered into with the assistance of a mediator; the amount of discovery undertaken; and the other terms of the settlement.

    **5.**    The Class consists of:

    (a)    **Gender Class Members**: all individuals who identify as women, who have not, prior to the date of the Preliminary Approval Order, signed a separation agreement that includes a release of the Gender Claims, and who were employed by Mastercard in a Qualified Position in the United States from the following dates (based on the location at which they were employed by Mastercard): New York, from September 30, 2016; Virginia, from September 30, 2020; California, from September 30, 2018; Massachusetts, Washington, and Colorado, from September 30, 2019; and all other States, from December 4, 2019, through the date of this signed Settlement Stipulation. Gender Class Members who sign a separation agreement that

        includes a release of the Gender Claims on or after the date of the Preliminary Approval Order will remain Gender Class Members for Settlement purposes only and may participate in the Settlement, provided, however, that such participation shall not otherwise alter the effect of the release they have given in any way.

(b) **Race Class Members**: all individuals who identify as Black (or African American) and/or Hispanic (or Latino/a), who have not, prior to the date of the Preliminary Approval Order, signed a separation agreement that includes a release of the Race Claims, and who were employed by Mastercard in a Qualified Position in the United States from the following dates (based on the location at which they were employed by Mastercard): New York, from October 8, 2019; California, from September 30, 2018; Colorado, from September 30, 2019; all other States, from December 4, 2019, through the date of this signed Settlement Stipulation. Race Class Members who sign a separation agreement that includes a release of the Race Claims on or after the date of the Preliminary Approval Order will remain Race Class Members for Settlement purposes only and may participate in the Settlement, provided, however, that such participation shall not otherwise alter the effect of the release they have given in any way.

6. **Final Certification of Settlement Class.** The Court makes the following determinations as to certification of the Class for settlement purposes only:

(a) The Court finally certifies the Class under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

(b) The Class is so numerous that joinder of all members is impracticable;

(c) There are questions of law or fact common to the members of the Class;

(d) The claims of Plaintiffs are typical of the claims of the other members of the Class;

(e) Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Class, in connection with the Settlement Stipulation;

(f) Common questions of law and fact predominate over questions affecting only individual members of the Class;

(g) The Class is ascertainable;

3

(h) Resolution of the claims in this Action by way of settlement is superior to other available methods for the fair and efficient resolution of the claims of the Class.

7. **Confirmation of Class Representatives.** Plaintiffs Deborah Hayman, G.A. Gomes, L. Kasomo, and S. Brown are confirmed as representative of the Class for the sole purpose of seeking a settlement of the Action.

8. **Confirmation of Class Counsel.** Outten & Golden LLP ("O&G") is confirmed as Class Counsel for the sole purpose of seeking a settlement of the Action.

9. **Class Notice.** The Court finds that the notice effectuated was the best practicable notice under the circumstances, and was accomplished in all material respects, as set forth in Plaintiffs' papers. The distribution of the notice fully met the requirements of Rule 23 and satisfied the requirements of constitutional due process and any other applicable law.

10. **Releases**. By operation of this Order, as set forth in the Settlement Stipulation, the Court hereby incorporates the terms of the Releases:

(a) By operation of the entry of the Final Approval Order:

(i) Each individual Participating Class Member who does not submit a timely and valid Opt-Out Statement forever and fully releases the Releasees from the Released Claims.

(b) Each Participating Outstanding Collective Member shall forever and fully release the Defendant from the Released Gender Claims and the Released Race Claims.

(i) Released Gender Claims means any claims that Gender Class Members may have through the last day of the period for Gender Class Members to opt out of the Settlement, of sex- (including pregnancy) or gender-based employment discrimination relating to compensation, promotion, or assignment of levels arising under any federal, state, or local law, including but not limited to the Federal Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); and their state and local corollaries, including without limitation and for the avoidance of doubt the New York Equal Pay Law, as amended, N.Y. Lab. L. § 194 ("NY EPL"); the New York State Human Rights Law,

        N.Y. Exec. L. §§ 290 *et seq.* ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq*. ("NYCHRL"). "Gender Claims" do not include: hostile work environment or harassment claims; failure to accommodate claims; leave claims; unlawful termination claims; retaliation claims; and claims for discrimination on bases other than sex (including pregnancy) or gender.

    (ii) Released Race Claims means any claims that Race Class Members may have through the last day of the period for Race Class Members to opt out of the Settlement, of race- or ethnicity-based employment discrimination relating to compensation, promotion, or assignment of levels arising under any federal, state or local law, including but not limited to the EPA and Title VII; and their state and local corollaries, including without limitation and for the avoidance of doubt the NY EPL; the NYSHRL; and the NYCHRL. "Race Claims" do not include: hostile work environment or harassment claims; failure to accommodate claims; leave claims; unlawful termination claims; retaliation claims; and claims for discrimination on bases other than race or ethnicity.

11. **Service Awards.** The Court finds that service awards of $25,000 each to the Class Representatives are reasonable. Service awards are common in class action cases and serve to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a Class Represenatitve, and any other burdens sustained by the plaintiffs. Here, the requested service awards are reasonable and are approved.

12. **Attorneys' Fees and Expenses.** The Court awards Class Counsel $8,666,666.66 in fees and costs for their efforts in support of this litigation out of the Gross Settlement Amount. Class Counsel engaged considerable resources in the prosecution of this case. The attorneys at Outten & Golden LLP are experienced class action and employment lawyers with good reputations among the class action and employment bars and significant experience in litigating criminal history discrimination claims. Class Counsel are nationally recognized employment class action litigators. Although Class Counsel had no guarantee of any compensation in

pursuing this case, and have worked without compensation, they achieved substantial success in settling the claims on behalf of the Class, and will continue to perform work on behalf of the Class going forward to effectuate the terms of the Settlement.

13. **Settlement Administrator.** Rust Consulting Group, Inc. is hereby appointed to continue serving as Settlement Administrator and its fee of $65,000 is approved.

14. **Use of Order Following Termination of Settlement.** This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability, or by or against Plaintiffs or the Class Members that their claims lack merit or that the relief requested in the Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or arguments it may have.

15. **Jurisdiction**. The Court shall retain jurisdiction over the interpretation and implementation of the Settlement Stipulation as well as any and all matters arising out of, or related to, the interpretation or implementation of the Settlement Stipulation and of the Settlement contemplated thereby.

16. **Implementation.** The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Stipulation. The parties shall abide by all terms of the Settlement Stipulation. Specifically, pursuant to the Settlement Stipulation, the Parties shall execute the following next steps:

   (a) Within fourteen (14) days after the date of Final Approval, Defendant shall deposit $26,000,000 (the Settlement Payment) into the Qualified Settlement Fund ("QSF") established by the Settlement Administrator.

   (b) Within fourteen (14) calendar days after Mastercard makes the Settlement Payment, the Settlement Administrator shall re-calculate each Participating Class Member's Participating Class Member Payment and mail to each Participating

        Class Member settlement checks written from the QSF's bank account and equaling the Participating Class Member Payment.

    (c) The Settlement Administrator will send out reminders within sixty (60) calendar days after the initial distribution of settlement checks to Participating Class Members reminding them to cash their checks prior to the 90-day deadline. Such reminders will be sent via email and/or text message for Participating Class Members for which the Settlement Administrator has an email address or mobile phone number, and by U.S. First Class Mail for Participating Class Members for which the Settlement Administrator has neither an email address nor a mobile phone number.

17. **Dismissal with Prejudice.** Upon the fulfillment of all settlement terms, the entire Litigation will be dismissed with prejudice, and without costs, expenses or attorneys' fees to any party except as provided in the Settlement Stipulation and this Order. All Participating Class Members who did not opt out, all Participating Collective Members who deposit a Settlement Check, and Plaintiffs are permanently enjoined from asserting, pursuing, and/or seeking to reopen claims that have been released through the Settlement Stipulation. The Court retains jurisdiction over the interpretation and implementation of the Settlement Stipulation.

The Clerk of Court is directed to CLOSE this case.

It is so ORDERED this __1__ day of ____August____, 2025.

                              *Jessica Clarke*

                              Hon. Jessica G. L. Clarke
                              United States District Judge